NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on <u>10/22/2024</u>

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

<u>11/21/2024</u>

Michael McGeever, Director

Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Plaintiff(s)

**Stefanik, Mark**

Case Number:
**GD-24-011877**

Type of pleading:
**Complaint**

Filed on behalf of:
**Stefanik Mark**

<u>**McGee M. Alexandra**</u>
(Name of filing party)

VS

Defendant(s)

**Ohio Township Police Department,**

**Cervone, Jason**

**Doe 4, Jane**

**Doe 2, Jane**

**Doe 3, Jane**

**Onyshko, John**

**Friess, Kevin**

**Ford, John**

**Doe 2, John**

**Doe 1, John**

**Ford, Jane**

**Doe, Sharon**

**Onyshko, Jane**

<span style="color:blue; font-size:2em">Exhibit "A"</span>

**Bellinger, Todd**

**Cervone, Stephanie**

**Doe 1, Jane**

| X | Counsel of Record |

| | Individual, If Pro Se |

Name, Address and Telephone Number:
**McGee M. Alexandra**

**772 5628111**
Attorney's State ID: **319023**



**Michael McGeever, Director, Department of Court Records**

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

### COVER SHEET

| Plaintiff(s)            Vs | |
|---|---|
| MARK STEFANIK | **GD-2024-** *O11877* |
| | Case Number : |
| | Type of pleading : |
| | COMPLAINT IN CIVIL ACTION |
| | Filed on behalf of |
| | Plaintiff, Mark Stefanik |
| **Vs.** | (Name of the filing party) |
| Defendant(s) | |
| OHIO TOWNSHIP POLICE DEPARTMENT, JASON CERVONE, STEPHANIE CERVONE, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, SHARON DOE, JOHN DOE 1, JOHN DOE 2, JOHN ONYSHKO, JANE ONYSHKO, JOHN FORD, JANE FORD, TODD BELLINGER, and KEVIN FRIESS | ■ Counsel of Record   Alexandra M. McGee, Esq. |
| | ☐ Individual, If Pro Se |
| | Address, Telephone Number, and Email Address: |
| | THE LYNCH LAW GROUP, LLC<br>Cranberry Professional Park<br>501 Smith Drive, Suite 3<br>Cranberry Township, PA 16066<br>Tel: (724) 776-8000<br>Email:  amcgee@lynchlaw-group.com |
| | Attorney's State ID   **319023** |
| | Attorney's Firm ID |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK STEFANIK,

          Plaintiff,

       v.

OHIO TOWNSHIP POLICE
DEPARTMENT, JASON CERVONE,
STEPHANIE CERVONE, JANE DOE 1,
JANE DOE 2, JANE DOE 3, JANE DOE 4,
SHARON DOE, JOHN DOE 1, JOHN
DOE 2, JOHN ONYSHKO, JANE
ONYSHKO, JOHN FORD, JANE FORD,
TODD BELLINGER, and KEVIN FRIESS,

          Defendants.

CIVIL DIVISION

No. GD-2024-_____

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiff, Mark Stefanik

Counsel of Record for this Party:

Daniel P. Lynch, Esq.
PA I.D. No. 68280

Alexandra M. McGee, Esq.
PA I.D. No. 319023

John P. Sieber, Esq.
PA I.D. No. 334597


THE LYNCH LAW GROUP, LLC
Cranberry Professional Park
501 Smith Drive, Suite 3
Cranberry Township, PA 16066
Tel: (724) 776-8000
Fax: (724) 776-8001
dlynch@lynchlaw-group.com
amcgee@lynchlaw-group.com
jsieber@lynchlaw-group.com

**TO: DEFENDANTS**

**You are hereby notified to file a written
response to the enclosed Complaint in
Civil Action within twenty (20) days from
service hereof or a judgment may be
entered against you.**


*/s/ Alexandra M. McGee*
**Alexandra M. McGee, Esq.**


**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MARK STEFANIK, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | No. GD-2024-_____ |
| | : | |
| v. | : | |
| | : | |
| OHIO TOWNSHIP POLICE | : | |
| DEPARTMENT, JASON CERVONE, | : | |
| STEPHANIE CERVONE, JANE DOE 1, | : | |
| JANE DOE 2, JANE DOE 3, JANE DOE 4, | : | |
| SHARON DOE, JOHN DOE 1, JOHN | : | |
| DOE 2, JOHN ONYSHKO, JANE | : | |
| ONYSHKO, JOHN FORD, JANE FORD, | : | |
| TODD BELLINGER, and KEVIN FRIESS, | : | |
| | : | |
| Defendants. | : | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
400 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555
https://www.getapittsburghlawyer.com/

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MARK STEFANIK, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | No. GD-2024-_____ |
| | : | |
| v. | : | |
| | : | |
| OHIO TOWNSHIP POLICE | : | |
| DEPARTMENT, JASON CERVONE, | : | |
| STEPHANIE CERVONE, JANE DOE 1, | : | |
| JANE DOE 2, JANE DOE 3, JANE DOE 4, | : | |
| SHARON DOE, JOHN DOE 1, JOHN | : | |
| DOE 2, JOHN ONYSHKO, JANE | : | |
| ONYSHKO, JOHN FORD, JANE FORD, | : | |
| TODD BELLINGER, and KEVIN FRIESS, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

AND NOW COMES the Plaintiff, Mark Stefanik, by and through his undersigned counsel,

Daniel P. Lynch, Esquire, Alexandra M. McGee, Esquire, John P. Sieber, Esquire, and The Lynch

Law Group, LLC, and files the within Complaint, averring as follows:

## PARTIES

1.      Plaintiff, Mark Stefanik, is an adult individual with an address at 1665 Heritage

Drive, Pittsburgh, Pennsylvania 15237.

2.      Defendant, Ohio Township Police Department, is a municipal police department

with an address of 126 Lenzner Court, Sewickley, Pennsylvania 15143.

3.      Defendant, Jason Cervone, is an adult individual with an address of 1602 Black

Oak Drive, Pittsburgh, Pennsylvania 15237, and is married to Defendant Stephanie Cervone.

4.      Defendant, Stephanie Cervone, is an adult individual with an address of 1602 Black

Oak Drive, Pittsburgh, Pennsylvania 15237 and is married to Defendant Jason Cervone.

5.      Defendant, Jane Doe 1, is an adult individual with an unknown address.

6.      Defendant, Jane Doe 2, is an adult individual with an unknown address.

7.      Defendant, Sharon Doe, is an adult individual with an unknown address.

8.      Defendant, Jane Doe 3, is an adult individual with an unknown address.

9.      Defendant, Jane Doe 4, is an adult individual with an unknown address.

10.     Defendant, John Doe 1, is an adult individual with an unknown address.

11.     Defendant, John Doe 2, is an adult individual with an unknown address.

12.     Defendant, John Onyshko, is an adult individual with an unknown address. John Onyshko is married to Defendant Jane Onyshko and is a parent to a minor child (hereinafter referred to as "Onyshko Child").

13.     Defendant, Jane Onyshko, is an adult individual with an unknown address. Jane Onyshko is married to Defendant John Onyshko and is a parent to a minor child (hereinafter referred to as "Onyshko Child").

14.     Defendant, John Ford, is an adult individual with an unknown address. John Ford is married to Defendant Jane Ford and is a parent to a minor child (hereinafter referred to as "Ford Child").

15.     Defendant, Jane Ford, is an adult individual with an unknown address. Jane Ford is married to Defendant John Ford and is a parent to a minor child (hereinafter referred to as "Ford Child").

16.     Defendant, Todd Bellinger, is an adult individual with an unknown address. Upon information and belief, Defendant Todd Bellinger is married to one of the above-described Jane Doe Defendants and is a parent to a minor child (hereinafter referred to as "Bellinger Child").

17.     Defendant, Kevin Friess, is an adult individual with an unknown address. Defendant Friess is an Officer with the Ohio Township Police Department.

2

## JURISDICTION AND VENUE

18.    This Court has personal jurisdiction over the Defendants pursuant to 42 Pa.C.S.A. § 5301.

19.    Venue in this County and Court is proper in accordance with Pa. R.C.P. Nos. 1006 and 2103, as the facts and events giving rise to this dispute occurred in this County, and the individuals and municipalities who are parties to this action are all located in this County.

## FACTUAL BACKGROUND

### The Night of October 29, 2022

20.    Plaintiff resides at 1665 Heritage Drive, Pittsburgh, Pennsylvania 15237 with his wife, Karen O'Connor ("O'Connor"), and his daughter.

21.    Defendants, Jason Cervone and Stephanie Cervone, (together the "Cervones"), are a married couple and neighbors to Plaintiff residing at 1602 Black Oak Drive, Pittsburgh, Pennsylvania 15237.

22.    On October 29, 2022, at approximately 9:30 P.M., O'Connor, while driving home with her daughter, observed a large group of minor children running from yard to yard through the neighborhood where Plaintiff lives.

23.    The group of minor children appeared generally to be within the age range of twelve to fifteen years old.

24.    As O'Connor passed through the neighborhood, O'Connor witnessed many cars parked outside of the Cervone's house.

25.    Upon information and belief, the Cervone's were hosting a party to celebrate a victory of the Avonworth Middle School Football Team.

26.    Upon information and belief, many of the adult individuals attending this party were intoxicated.

3

27.     Upon information and belief, the group of minor children that O'Connor observed were the children of certain of the adults gathered at the Cervone's household.

28.     Upon information and belief, the group of minor children to which O'Connor observed were running all throughout the neighborhood in which Plaintiff lives.

29.     At approximately 10:15 P.M., the group of minor children gathered on Plaintiff's front porch, in Plaintiff' yard, and on the sidewalk outside of Plaintiff's house.

30.     At approximately 10:15 P.M., O'Connor answered her front door upon hearing the doorbell ring.

31.     Upon opening the front door, there were approximately ten to fifteen minor children outside scattered within the street, sidewalk, Plaintiff's yard, and Plaintiff's front porch.

32.     Ford Child was amongst the group of kids outside of Plaintiff's house.

33.     Upon opening the door, Ford Child inquired of O'Connor as to whether Plaintiff would be setting up a Halloween display for the upcoming Halloween holiday. O'Connor responded affirmatively and told the minor children to return on Halloween.

34.     O'Connor then closed her door and almost immediately heard pounding on the front door accompanied by repetitious and incessant ringing of the doorbell.

35.     O'Connor again opened the door and again asked the minor children to leave and return on Halloween.

36.     O'Connor again took a few steps away from her front door before the incessant ringing of the doorbell returned, accompanied by pounding on the front door.

37.     Upon this third disturbance, Plaintiff's and O'Connor's daughter came downstairs from her bedroom, alarmed by the commotion.

38.     O'Connor then answered the door for the third time and explained to the minor children that they needed to stop and that they were alarming her dog and her daughter.

39.     The minor children responded by laughing and one of the minor children replied to her that it was "not my problem." At this time, O'Connor called for Plaintiff.

40.     At approximately 10:30 P.M., Plaintiff approached the front door to attempt to ascertain why the group of minor children were harassing his wife and daughter. Upon opening the front door, one of the minor children threw an object at Plaintiff, barely missing him and striking the side of Plaintiff's house.

41.     Upon information and belief, the object was thrown by Onyshko Child.

42.     Plaintiff exited his home onto his porch, and the minor children dispersed, running away through adjacent yards and further up the street, all while taunting the Plaintiff.

43.     Plaintiff walked up the street to address the group of minor children and to ask the group to no longer knock on his door or to ring his doorbell.

44.     As Plaintiff spoke with the minor children, the children began to surround the Plaintiff and continued to verbally harass him.

45.     One of the boys in the group of minor children yelled "if you're touching him, it means you like men." Another boy yelled, "Mr. Mark [Plaintiff], you need to stop touching little kids". Soon thereafter, the same boy began shouting "pedophile" at Plaintiff.

46.     The group of minor children also began to address Plaintiff by name, yelling "fuck you, Mark."

47.     O'Connor, who had been watching the interaction, noticed that lights from multiple of the children's cell phones were on, leading her to believe the children were recording the incident.

48.     Plaintiff threatened to call the police on the group of minor children stating that he knew all of them and that they should go home. Upon hearing this, one of the girls in the group, Bellinger Child, yelled "I'm from West Virginia, you don't know me."

49.     At this point, Plaintiff held onto the hood/collar of Bellinger Child's hooded sweatshirt and directed her to the Cervone's house, where he believed her parents to be.  Plaintiff continued to instruct her and the rest of the group of minor children to go home.

50.     The group of neighborhood minor children, including Bellinger Child, then ran up the hill away from Plaintiff; the group of minor children yelled back to Plaintiff, among other things, "fuck you!" and "I know where you live!"

51.     Plaintiff then got in his car and began to drive to the Cervone's house to bring the issue of the group of minor children to their attention, as he suspected that the children's parents all were at the Cervone's house.

52.     While driving to the Cervone's house, Plaintiff noticed the group of minor children who had been harassing him were running to the Cervone's house.

53.     Upon arriving at the Cervone's home, Plaintiff observed that a large party was taking place at the home. It appeared many, if not all, of the adults at the party were drinking alcohol and/or intoxicated.

54.     Plaintiff entered the Cervone's house in search of Jason Cervone. Upon locating Jason Cervone, Plaintiff explained to him that the minor children of the parents of many of the Cervone's guests were rampaging about and harassing the neighborhood. Jason Cervone indicated that he was not aware of the actions of the group of children.

55.    Shortly thereafter, the group of minor children returned to the Cervone's house and, upon seeing the Plaintiff there, members of the group of minor children began to falsely claim about Plaintiff that "he strangled someone."

56.    Plaintiff returned home to telephone the police to inform them of the various disturbances in the neighborhood caused by the Cervone's party and the unsupervised children therefrom.

57.    Shortly after Plaintiff arrived at his house, someone once again rang the doorbell of Plaintiff's house.

58.    O'Connor answered the door and found Defendant Stephanie Cervone, along with four adult individuals, two women and two men, all of whom appeared to be intoxicated.

59.    Defendant Stephanie Cervone yelled at O'Connor and into Plaintiff's house, among other things, that "Mark grabbed a kid," that Plaintiff "strangled" someone, and that Plaintiff "is going to jail."

60.    From within his house, Plaintiff heard the commotion and approached the front door of the home.  When he arrived at the front door, Defendant Stephanie Cervone yelled "I'm going to fucking kill you!" at him.

61.    Defendant Stephanie Cervone then raised her hands in fists and attempted to force her way into Plaintiff's residence. Plaintiff and O'Connor closed their front door as Defendant Stephanie Cervone pounded, kicked at, and attempted to push in the door.

62.    At some point, one of the men who accompanied Defendant Stephanie Cervone, John Doe 1, peered into Plaintiff's garage which was open at the time. Plaintiff had to yell at John Doe 1 to back off as Plaintiff closed the garage door.

63.   Soon thereafter, Stephanie Cervone and the group of adult individuals left Plaintiff's house.

64.   The following day, O'Connor found an empty beer can in Plaintiff's mailbox.

65.   At Approximately 11:15 P.M., Defendant Friess from Defendant Ohio Township Police Department arrived at Plaintiff's residence in response to Plaintiff's telephone call to 911.

66.   Upon information and belief, Defendant Friess was already in the neighborhood at the time responding to a noise complaint arising out of the activities at the Cervone's home.  He was then directed to Plaintiff's house following Plaintiff's telephone call to 911.

67.   Defendant Friess took statements from Plaintiff and O'Connor regarding the group of children harassing Plaintiff, O'Connor, and the neighborhood. While Defendant Friess was taking their statement, he was joined by Defendant Kutrufis, another officer with the Ohio Township Police Department.

68.   Upon information and belief, Defendants Friess and Kutrufis then proceeded to the Cervone's house and arrived there at approximately 11:25 P.M.

69.   Upon information and belief, when Defendants Friess and Kutrufis arrived at the Cervone's home, they were met with a crowd of adult individuals outside the house.  Defendant Friess informed the crowd that he was responding to multiple noise complaints made by various members of the neighborhood. He also informed the crowd that he was responding to complaints regarding a group of minor children ringing doorbells down the street.

70.   Upon information and belief, certain of the adults outside told Defendant Friess that they had videos of Plaintiff strangling an individual. Due to the number of individuals in the crowd, Defendant Friess asked to speak with a homeowner in private.

8

71.     On information and belief, Defendant Jason Cervone then told the officers that Defendant Stephanie Cervone, along with two additional adult women and two adult men, went down the street towards Plaintiffs house to search for one of the minor children.

72.     On information and belief, Defendant Jason Cervone also informed Defendants Friess and Kutrufis that Defendant Stephanie Cervone was involved in an altercation with O'Conner in which Defendant Stephanie Cervone indicated to O'Conner that Plaintiff had "grabbed" a "twelve-year-old girl."

73.     On information and belief, Defendant Friess requested to view a video recording of the activity outside Plaintiff's home and was provided with such a video.

74.     On information and belief, Defendant Fries asked Defendant Jason Cervone if Defendant Jason Cervone wanted to press charges against Plaintiff, to which Defendant Cervone indicated that he did not wish to do so.

75.     At approximately 11:40 P.M., Defendants Friess and Officer Kutrufis responded to another call from Plaintiff.

76.     Upon their arrival at Plaintiff's home, Plaintiff informed Defendants Friess and Kutrufis about the incident in which Defendant Stephanie Cervone and the other individuals had attempted to force their way into Plaintiff's home. Plaintiff told Defendants Friess and Kutrufis that Plaintiff felt threatened by the group.

77.     Plaintiff informed the officers that he did not wish to press charges against any of the individuals but instead wanted the officers to be aware of the occurrence. Defendant Friess responded that he would make a record of the incident.

78.     Upon information and belief, at approximately 11:55 P.M., Officer Friess and Officer Kutrufis arrived at the home of Jane Doe 1, the address of which is unknown.

79.    Upon arriving at the house, Officer Friess and Officer Kutrufis were greeted by Doe 1, who stated she owned the house and that she was the wife of "Jason." Doe 1 informed the Officers that Bellinger Child was inside with Defendant Todd Bellinger.

80.    The officers then entered the kitchen of the home and had a discussion with Defendant Jane Doe 2, Defendant Todd Bellinger, and Bellinger Child.

81.    Upon information and belief, certain of the Defendants present in the home admitted to the officers that they were at the Cervone's party, that the children were not being monitored, and that they were aware that the children had been ringing doorbells in the neighborhood and running away, as well as generally causing mischief in the neighborhood.

82.    Upon information and belief, Bellinger Child identified Onyshko Child as having thrown a wiffle ball at Plaintiff, which narrowly missed Plaintiff and struck Plaintiff's home.

83.    Upon information and belief, Bellinger Child admitted to Defendants Friess and Kutrufis that the group of children were taunting, mocking, and harassing Plaintiff.

84.    Upon information and belief, Bellinger Child informed Defendants Friess and Kutrufis that Plaintiff briefly held onto the hood of Bellinger Child's sweatshirt.

85.    Upon information and belief, Bellinger Child informed Defendants Friess and Kutrufis that Bellinger Child was not hurt and declined medical attention.

86.    Upon information and belief, Defendant Todd Bellinger admitted that his child and the others were harassing Plaintiff but nevertheless instructed Defendants Friess and Kutrufis that he wanted to press charges against Plaintiff.

### The Prosecution of Plaintiff

87.    On November 1, 2022, Plaintiff was arrested by the Ohio Township Police Department and charged by summons with: (1) Terroristic Threats with Intent to Terrorize Another; (2) two charges of Simple Assault; (3) Strangulation – Applying Pressure to Throat or

Neck; and (4) Harassment – Subject Other to Physical Contact.  A true and correct copy of Plaintiff's Court of Common Pleas of Allegheny County Docket Sheet is attached hereto as Exhibit A.

88.     Defendant Friess was the arresting officer.

89.     Plaintiff retained an attorney, and the case proceeded subject to several delays.

90.     On June 18, 2024, the charges against Plaintiff proceeded to a bench trial in front of Judge Alexander Bicket of the Allegheny County Court of Common Pleas.

91.     Plaintiff was found not guilty on all charges.

92.     Plaintiff incurred approximately $15,000 in legal fees for his criminal defense.

93.     Plaintiff further incurred approximately $100,000 in lost wages in time spent in his criminal defense.

## COUNT I – ABUSE OF PROCESS
### (Against Defendants Ohio Township Police Department, Defendant Kevin Friess, and Defendant Todd Bellinger)

94.     Plaintiff hereby incorporates all of the above-pleaded paragraphs by reference as if fully set forth herein.

95.     While there are not elements of the abuse of process established by statute, the case *Nienstedt v. Wetzel* lays out what is required to establish a claim for abuse of process. Said requirements have been adopted by Pennsylvania courts in *Rosen v. American Bank of Rolla.* *Rosen v. American Bank of Rolla,* 627 A.2d 190 (Pa. Super. 1993). Citing *Nienstedt v. Wetzel,* 33 A.L.R. 4th 635, 641 (1982).

96.     As Set forth in *Nienstedt v. Wetzel,* to succeed on a claim of abuse of process it must be shown that the defendant: (1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.

11

97.    Defendants Ohio Township Police Department, Kevin Friess, and Todd Bellinger initiated charges against Plaintiff for terroristic threats, simple assault, and strangulation.

98.    The charges initiated against Plaintiff were overzealous and used to harass Plaintiff.

99.    As a result of wrongful charges, Plaintiff incurred $15,000 in legal fees and $100,000 in lost wages.

100.    Therefore, Defendants Ohio Township Police Department, Kevin Friess, and Todd Bellinger are liable to Plaintiff for Abuse of Process.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in the principal amount of $20,384, and a total amount to be proven at trial, in addition to interest, costs, fees, expenses, attorneys' fees, and any such other relief as this Honorable Court may deem just

### COUNT II – TRESPASS
**(Against Defendants Stephanie Cervone, Jane Doe 3, and Jane Doe 4)**

101.    Plaintiff hereby incorporates the all of the above-pleaded paragraphs by reference as if fully set forth herein.

102.    On October 29, 2022, Defendants Stephanie Cervone, Jane Doe 3, and Jane Doe 4 crossed the threshold of Plaintiff's property without Plaintiff's permission.

103.    Defendants Stephanie Cervone, Jane Doe 3, and Jane Doe 4 approached Plaintiff's front door and began to ring Plaintiff's doorbell.

104.    Upon seeing Plaintiff, Defendant Stephanie Cervone raised her hands into fists, yelled "I'm going to fucking kill you!" and attempted to cross the threshold of Plaintiff's house without invitation, permission, or other privilege to do so.

105.    Defendant Stephanie Cervone's attempts to enter Plaintiff's home were so forceful that Plaintiff and his wife both had to push their front door closed as Defendant Stephanie Cervone tried to gain entry.

106.    Defendant Stephanie Cervone subsequently continued to pound and kick at Plaintiff's front door.

107.    Upon being denied entry, Defendant Stephanie Cervone refused to leave Plaintiff's property, as did Jane Doe 3 and Jane Doe 4.

108.    The Restatement (Second) of Torts § 158, as adopted in *Smith v. King's Grant Condo.*, 418 Pa. Super. 260, 614 A.2d 261, 267 (Pa. Super. 1992), and affirmed by the Supreme Court of Pennsylvania, 537 Pa. 541, 640 A.2d 1276 (1994), sets forth the elements for trespass.

109.    Pursuant to the Restatement (Second) of Torts § 158, one is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally: (a) enters land in the possession of the other, or causes a thing or a third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under duty to remove.

110.    Defendants Stephanie Cervone, Jane Doe 3, and Jane Doe 4, in entering upon the Plaintiff's land, attempting to forcibly gain entry to Plaintiff's house, and remaining upon Plaintiff's property even after their entry to Plaintiff's home was denied, are liable for trespass.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants Stephanie Cervone, Jane Doe 3, and Jane Doe 4, in an amount to be determined at trial, in addition to interest, costs, fees, expenses, punitive damages, attorneys' fees, and any such other relief as this Honorable Court may deem just.

### COUNT III – NEGLIGENT SUPERVISION
**(Against Defendants Jasone Cervone, Stephanie Cervone, Jane Doe 1, Jane Doe 2, Sharon Doe, John Onyshko, Jane Onyshko, John Ford, Jane Ford, and Todd Bellinger)**

111.    Plaintiff hereby incorporates all of the above-pleaded paragraphs by reference as if fully set forth herein.

112.    Defendants Jason Cervone and Stephanie Cervone hosted a party at their home on the night of October 29, 2022.

113.    The party was intended to celebrate the victory of a youth football team, and it the Cervones' intent that children be present at and attend the party.

114.    Despite the presence of a large number of minor children, generally within the age range of twelve-fifteen years old, the Cervones permitted and encouraged individuals at the party to consume alcohol to excess.

115.    It is believed, and therefore averred, that the Cervones themselves consumed alcohol during their party.

116.    The Cervones did not exercise any attempts to have any of the minor children at the party properly supervised.

117.    Moreover, the Cervones were aware that the parents of the children at the party were consuming alcohol to intoxication and therefore were not adequately supervising their children.

118.    As hosts of the party, the Cervones had a duty to exercise reasonable care that the adults and the children at their party would not cause harm, danger, distress, or annoyance to others.

119.    The Cervones failed to exercise such reasonable care, resulting in parents at the party drinking to excess and the children at the party being unsupervised and becoming unruly.

120.    The Cervones breached their duty of care to Plaintiff and others.

121.    Due to the Cervones' breach of duty and lack of care, minor children from the party became scattered throughout the neighborhood, causing havoc and chaos, including harassing and intimidating Plaintiff and his family.

122.    The Cervones' breach of duty and lack of care was the genesis for all of the hardship and damages that later befell Plaintiff, as their lack of care resulting in the parents and supervisors at the party becoming intoxicated and/or disinterested, such that the children at the party became unsupervised and tormented the neighborhood.

123.    Defendants Jane Doe 1, Jane Doe 2, Sharon Doe, John Onyshko, Jane Onyshko, John Ford, Jane Ford, and Todd Bellinger (for purposes of this cause of action in this Complaint, the "Supervising Defendants") were in attendance at the party at the Cervones' home on October 29, 2022.

124.    The Supervising Defendants each (and collectively) were responsible for the supervision of at least one minor child present at the Cervones' party.

125.    As parents and/or supervisors of children at the party, the Supervising Defendants had a duty to exercise reasonable and ordinary care that the children at their party for whom they were responsible would not cause harm, danger, distress, or annoyance to others.

126.    To the extent that any of the Supervising Defendants were not an actual parent of one of the children involved in the harassment of Plaintiff, the Supervising Defendant was acting in loco parentis.

127.    An ordinarily reasonable and prudent parent/supervisor would not have permitted a child for whom they were responsible run amok throughout the neighborhood at night, which could result in harm to the children themselves, other adults in the area, or property.

128.    The Supervising Defendants failed to exercise reasonable and ordinary care over the children for whom they were responsible, breaching a duty to Plaintiff and others.

129.    It is believed, and therefore averred, that at least one of the Supervising Defendants admitted to police officers that they were not adequately supervising the children and that the children were not under control.

130.    As a result of the Supervising Defendants' breach of duty and lack of care, minor children from the party became scattered throughout the neighborhood, causing havoc and chaos, including harassing and intimidating Plaintiff and his family.

131.    Defendants Jasone Cervone and Stephanie Cervone, Jane Doe 1, Jane Doe 2, Sharon Doe, John Onyshko and Jane Onyshko, John Ford and Jane Ford, and Todd Bellinger are liable to Plaintiff for Negligent Supervision for their failure to supervise the children as would a reasonably prudent parent and/or adult.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in the principal amount of $20,384, and a total amount to be determined at trial, in addition to punitive damages, interest, costs, fees, expenses, attorneys' fees, and any such other relief as this Honorable Court may deem just.

## COUNT IV – CIVIL ASSAULT
**(Defendants Stephanie Cervone, Jane Doe 3, Jane Doe 4, John Doe 1, and John Doe 2)**

132.    Plaintiff hereby incorporates all of the above-pleaded paragraphs by reference as if fully set for herein.

133.    The Restatement (Second) of Torts § 21, as adopted by Pennsylvania in *Renk v. City of Pittsburgh*, sets forth the elements under which a plaintiff may recover for civil assault. *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 294-295 (Pa. 1994).

134.    Pursuant to the Restatement (Second) of Torts § 21: (1) an actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with

16

the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension.

135.    In general, "an assault may be described as an act intended to put another person in reasonable apprehension of an immediate battery, and which succeeds in causing an apprehension of such battery." *Cucinotti, Appellant v. Ortmann* 399 Pa. 26, 27, 159 A.2d (1960).

136.    On the night of the incident, Defendants Stephanie Cervone, Jane Doe 3, Jane Doe 4, John Doe 1, and John Doe 2, left the Cervones' house with the intent of confronting Plaintiff at his home.

137.    Upon their arrival to Plaintiff's house, Defendants John Doe 1 and John Doe 2 waited on the sidewalk outside of Plaintiff's house while Defendants Stephanie Cervone, Jane Doe 3, and Jane Doe 4 went to Plaintiff's doorstep and rang the doorbell.

138.    It is believed, and therefore averred, that at least some of the individuals in this group were intoxicated when they arrived at Plaintiff's home.

139.    Plaintiff's wife, O'Connor, answered the door and Defendant Stephanie Cervone began to yell at her.

140.    Plaintiff heard the commotion and went to the front door to see what was happening. Plaintiff saw Defendants Stephanie Cervone, Jane Doe 3, Jane Doe 4, John Doe 1, and John Doe 2 outside of his home in a threatening posture.

141.    Upon seeing Plaintiff, Defendant Stephanie Cervone yelled at Plaintiff "I'm going to fucking kill you."

142.    Defendant Stephanie Cervone then raised her hands into fists and attempted to enter the front door of the Plaintiff's residence.

143.    Plaintiff and his wife O'Connor pushed against their front door to close it as Defendant Stephanie Cervone pounded and kicked their front door.

144.    Defendant Stephanie Cervone's actions—in yelling "I'm going to fucking kill you," raising her hands into fists, attempting to force her way into Plaintiff's home, and pounding and kicking Plaintiff's front door—demonstrated the intent to put Plaintiff in reasonable, imminent apprehension of harmful or offensive contact to himself and to his family.

145.    Defendant Stephanie Cervone's actions did, in fact, give Plaintiff the reasonable, imminent apprehension of harmful or offensive contact to himself and to his family.

146.    Defendants Jane Doe 3, Jane Doe 4, John Doe 1, and John Doe 2, by standing in concert with Defendant Stephanie Cervone on Plaintiff's doorstep in an intimidating fashion, acted with the intent of placing/placed Plaintiff in reasonable, imminent apprehension of harmful or offensive conduct.

147.    Defendants Jane Doe 3, Jane Doe 4, John Doe 1, and John Doe 2 did, in fact, give Plaintiff the imminent apprehension of harmful or offensive conduct, as they were standing behind Defendant Stephanie Cervone who was, at the time, attempting to gain forcible entry into Plaintiff's home.

148.    At all times during this incident, Plaintiff's wife and minor child were also in the home, and Plaintiff feared for the safety and dignity of his family.

149.    Defendant Stephanie Cervone is liable for civil assault for her actions on the night of October 29, 2022.

150.    Defendants Jane Doe 3, Jane Doe 4, John Doe 1, and John Doe 2 are liable for civil assault through their actions on the night of October 29, 2022.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in an amount to be proven at trial, in addition to punitive damages, interest, costs, fees, expenses, attorneys' fees, and any such other relief as this Honorable Court may deem just.

## COUNT VI – CIVIL BATTERY
### (Defendant Stephanie Cervone)

151.    Plaintiff hereby incorporates the above-pleaded paragraphs by reference as if fully set forth herein.

152.    The Restatement (Second) of Torts § 18, as adopted by Pennsylvania in *Renk v. City of Pittsburgh*, sets forth the elements under which a plaintiff may recover for civil battery. *Renk v. City of Pittsburgh,* 537 Pa. 68, 641 A.2d 289, 294-295 (Pa. 1994).

153.    Pursuant to the Restatement (Second) of Torts § 18: (1) an actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) an offensive contact with the person of the other directly or indirectly result.

154.    On the night of the incident, Defendants Stephanie Cervone, Jane Doe 3, Jane Doe 4, John Doe 1, and John Doe 2, left the Cervones' house with the intent of confronting Plaintiff at his home.

155.    Upon their arrival to Plaintiff's house, Defendants John Doe 1 and John Doe 2 waited on the sidewalk outside of Plaintiff's house while Defendants Stephanie Cervone, Jane Doe 3, and Jane Doe 4 went to Plaintiff's doorstep and rang the doorbell.

156.    It is believed, and therefore averred, that at least some of the individuals in this group were intoxicated when they arrived at Plaintiff's home.

157.    Plaintiff's wife, O'Connor, answered the door and Defendant Stephanie Cervone began to yell at her.

158.    Plaintiff heard the commotion and went to the front door to see what was happening. Plaintiff saw Defendants Stephanie Cervone, Jane Doe 3, Jane Doe 4, John Doe 1, and John Doe 2 outside of his home in a threatening posture.

159.    Upon seeing Plaintiff, Defendant Stephanie Cervone yelled at Plaintiff "I'm going to fucking kill you."

160.    Defendant Stephanie Cervone then raised her hands into fists and attempted to enter the front door of the Plaintiff's residence.

161.    Plaintiff and his wife O'Connor pushed against their front door to close it as Defendant Stephanie Cervone pounded and kicked their front door.

162.    Defendant Stephanie Cervone's actions not only placed Plaintiff in reasonable imminent apprehension of harmful or offensive contact, but also caused Plaintiff harmful or offensive contact by pushing, kicking and pounding the door into Plaintiff.

163.    Defendant Stephanie Cervone is liable for civil battery for her actions on the night of October 29, 2022.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in an amount to be proven at trial, in addition to punitive damages, interest, costs, fees, expenses, attorneys' fees, and any such other relief as this Honorable Court may deem just.

## COUNT VI –CIVIL RIGHTS 1983 CLAIM
### (Against Defendants Ohio Township Police Department and Kevin Friess)

164.    Plaintiff hereby incorporates all of the above-pleaded paragraphs by reference as if fully set forth herein.

165.    On November 1, 2022, Plaintiff was arrested by the Ohio Township Police Department and charged by summons with: (1) Terroristic Threats with Intent to Terrorize

Another; (2) two charges of Simple Assault; (3) Strangulation – Applying Pressure to Throat or

Neck; and (4) Harassment – Subject Other to Physical Contact.

166.    Defendant Friess was the arresting officer.

167.    At all times relevant hereto, Defendant Kevin Friess was acting color of state law

in his role as a police officer with the Ohio Township Police Department, during his investigation

of the actions described herein and his decision to pursue charges against Plaintiff.

168.    There was no reasonable basis for Defendants Ohio Township Police Department

and Friess to pursue charges against Plaintiff.

169.    It is believed, and therefore averred, that Defendant Friess pursued charges against

Plaintiff due to his personal, close relationship with Defendant Todd Bellinger and others at the

Cervones' party.

170.    As a result of the charges, Plaintiff was forced to retain an attorney and spend over

a year of his life defending the charges against him.

171.    Plaintiff expended $15,000 in attorneys' fees defending his case.

172.    Plaintiff also suffered $100,000 in lost wages due to spending his time meeting with

attorneys, meeting with investigators, and appearing in court rather than performing his work

duties.

173.    Plaintiff and his family suffered a great deal of stress and emotional distress during

the course of the criminal case against him.

174.    Plaintiff was denied his rights, privileges, and immunities by Defendants' baseless

pursuit of the above-noted charges against him and spent over a year of life under bail terms as a

result of the same.

21

175.    Defendants' actions violated Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

176.    Ohio Township Police Department's policies and practices related to the hiring, training, and supervision of police officers caused these violations and deprivations of Plaintiff's constitutional rights.

**WHEREFORE**, Plaintiff respectfully requests the following relief on his claims:

a.    An award of compensatory damages;

b.    An award of punitive damages;

c.    An award of attorneys' fees; and

d.    An award of such other and further relief as the Court may deem appropriate.

Respectfully submitted,

THE LYNCH LAW GROUP, LLC

By: */s/ Alexandra M. McGee*
Daniel P. Lynch, Esq.
PA I.D. No. 68280
Alexandra M. McGee, Esq.
PA I.D. No. 319023
John P. Sieber, Esq.
PA I.D. No. 334597

Cranberry Professional Park
501 Smith Drive, Suite 3
Cranberry Township, PA 16066
Tel: (724) 776-8000
Fax: (724) 776-8001
dlynch@lynchlaw-group.com
amcgee@lynchlaw-group.com
jsieber@lynchlaw-group.com
*Counsel for Plaintiff, Mark Stefanik*

Dated:  October 22, 2024

# Exhibit A

# COURT OF COMMON PLEAS OF ALLEGHENY COUNTY

## DOCKET



Docket Number: CP-02-CR-0003367-2023

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Mark Stefanik

Page 1 of 6

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: Bicket, Alexander P. | | Date Filed: 05/04/2023 | Initiation Date: 10/30/2022 |
| OTN: G 919651-5 | LOTN: | Originating Docket No: MJ-05201-CR-0000284-2022 | |
| Initial Issuing Authority: Tara Smith | | Final Issuing Authority: Tara Smith | |
| Arresting Agency: Ohio Township Police Dept | | Arresting Officer: Friess, Kevin S. | |
| Complaint/Citation No.: ASAP-711171 | | Incident Number: 22-7110 | |
| County: Allegheny | | Township: Ohio Township | |
| Case Local Number Type(s) | | Case Local Number(s) | |

## STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | Arrest Date: | 11/01/2022 |
|---|---|---|---|---|---|
| | | 06/18/2024 | Completed | | |
| | | 06/18/2024 | Awaiting Return of Bail | | |
| | | 06/23/2023 | Awaiting Non-Jury Trial | | |
| | | 06/13/2023 | Awaiting Pre-Trial Conference | | |
| | | 05/04/2023 | Awaiting Formal Arraignment | | |
| | | 05/04/2023 | Awaiting Filing of Information | | |

Complaint Date:    10/30/2022

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 06/13/2023 | 9:00 am | 519 Courthouse | | Scheduled |
| Pre-Trial Conference | 06/23/2023 | 8:30 am | Courtroom 321 | Judge Alexander P. Bicket | Scheduled |
| Non-Jury Trial | 09/14/2023 | 8:30 am | Courtroom 321 | Judge Alexander P. Bicket | Continued |
| Non-Jury Trial | 12/12/2023 | 8:30 am | Courtroom 321 | Judge Alexander P. Bicket | Continued |
| Non-Jury Trial | 02/15/2024 | 8:30 am | Courtroom 321 | Judge Alexander P. Bicket | Continued |
| Non-Jury Trial | 04/22/2024 | 8:30 am | Courtroom 321 | Judge Alexander P. Bicket | Continued |
| Non-Jury Trial | 06/18/2024 | 8:30 am | Courtroom 321 | Judge Alexander P. Bicket | Scheduled |

## DEFENDANT INFORMATION

| Date Of Birth: | 03/11/1968 | City/State/Zip: Pittsburgh, PA 15237 |
|---|---|---|

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Stefanik, Mark |

Printed: 08/09/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

EXHIBIT A

# COURT OF COMMON PLEAS OF ALLEGHENY COUNTY

## DOCKET



**Docket Number: CP-02-CR-0003367-2023**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Mark Stefanik

Page 2 of 6

## BAIL INFORMATION

**Stefanik, Mark**                                                              **Nebbia Status:  None**

| Bail Action | Date | Bail Type | Originating Court | Percentage | Amount |
|---|---|---|---|---|---|
| Set | 02/16/2023 | Nonmonetary | Magisterial District Court | | $0.00 |
| Change Non-Monetary Conditions | 02/23/2023 | Nonmonetary | Magisterial District Court | | $0.00 |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | M1 | 18 § 2706 §§ A1 | Terroristic Threats W/ Int To Terrorize Another | 10/29/2022 | G 919651-5 |
| 2 | 4 | M1 | 18 § 2701 §§ A1 | Simple Assault | 10/29/2022 | G 919651-5 |
| 3 | 2 | M1 | 18 § 2701 §§ A3 | Simple Assault | 10/29/2022 | G 919651-5 |
| 4 | 5 | M2 | 18 § 2718 §§ A1 | Strangulation - Applying Pressure to Throat or Neck | 10/29/2022 | G 919651-5 |
| 5 | 3 | S | 18 § 2709 §§ A1 | Harassment - Subject Other to Physical Contact | 10/29/2022 | G 919651-5 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

**Waived for Court (Lower Court)**          Defendant Was Present

| Lower Court Disposition | 04/27/2023 | Not Final | |
|---|---|---|---|
| 1 / Terroristic Threats W/ Int To Terrorize Another | Waived for Court (Lower Court) | M1 | 18 § 2706 §§ A1 |
| 2 / Simple Assault | Waived for Court (Lower Court) | M1 | 18 § 2701 §§ A1 |
| 3 / Simple Assault | Waived for Court (Lower Court) | M1 | 18 § 2701 §§ A3 |
| 4 / Strangulation - Applying Pressure to Throat or Neck | Waived for Court (Lower Court) | M2 | 18 § 2718 §§ A1 |
| 5 / Harassment - Subject Other to Physical Contact | Waived for Court (Lower Court) | S | 18 § 2709 §§ A1 |

**Proceed to Court**

| Information Filed | 06/08/2023 | Not Final | |
|---|---|---|---|
| 1 / Terroristic Threats W/ Int To Terrorize Another | Proceed to Court | M1 | 18 § 2706 §§ A1 |
| 2 / Simple Assault | Proceed to Court | M1 | 18 § 2701 §§ A1 |
| 3 / Simple Assault | Proceed to Court | M1 | 18 § 2701 §§ A3 |
| 4 / Strangulation - Applying Pressure to Throat or Neck | Proceed to Court | M2 | 18 § 2718 §§ A1 |
| 5 / Harassment - Subject Other to Physical Contact | Proceed to Court | S | 18 § 2709 §§ A1 |

**Not Guilty**

| Non-Jury Trial | 06/18/2024 | Final Disposition |
|---|---|---|

CPCMS 9082                                                                     Printed:  08/09/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF ALLEGHENY COUNTY

## DOCKET



**Docket Number: CP-02-CR-0003367-2023**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Mark Stefanik

Page 3 of 6

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event Sequence/Description | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sentencing Judge | Offense Disposition | Grade | Section |
| Sentence/Diversion Program Type | Sentence Date | | Credit For Time Served |
| Sentence Conditions | Incarceration/Diversionary Period | | Start Date |
| 1 / Terroristic Threats W/ Int To Terrorize Another | Not Guilty | M1 | 18 § 2706 §§ A1 |
| 2 / Simple Assault | Not Guilty | M1 | 18 § 2701 §§ A1 |
| 3 / Simple Assault | Not Guilty | M1 | 18 § 2701 §§ A3 |
| 4 / Strangulation - Applying Pressure to Throat or Neck | Not Guilty | M2 | 18 § 2718 §§ A1 |
| 5 / Harassment - Subject Other to Physical Contact | Not Guilty | S | 18 § 2709 §§ A1 |

## COMMONWEALTH INFORMATION

Name:  Allegheny County District Attorney's
Office, Criminal Division
District Attorney

Supreme Court No:

Phone Number(s):
412-350-4403        (Phone)

Address:
436 Grant Street
Allegheny County Court House
Pittsburgh, PA  15219

## ATTORNEY INFORMATION

Name:  Adam Michael Bishop
Private

Supreme Court No:    307922

Rep. Status:    Active

Phone Number(s):
412-589-9422        (Phone)

Address:
Bishop Law
220 Grant St Ste 301
Pittsburgh, PA  15219

Representing: Stefanik, Mark

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 02/16/2023 | | Smith, Tara |

Bail Set - Stefanik, Mark

| 1 | 02/23/2023 | | Smith, Tara |

Order Granting Motion for Modification of Bail - Stefanik, Mark
Allegheny County District Attorney's
Office, Criminal Division

| 05/04/2023 | eService | | Served |

| 1 | 05/04/2023 | | Court of Common Pleas - Allegheny County |

Original Papers Received from Lower Court
Allegheny County District Attorney's
Office, Criminal Division

CPCMS 9082

Printed: 08/09/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF ALLEGHENY COUNTY

## DOCKET



**Docket Number: CP-02-CR-0003367-2023**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Mark Stefanik

Page 4 of 6

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 05/04/2023 | eService | | Served |

| | | | |
|---|---|---|---|
| 2 | 05/04/2023 | | Criminal Division - Allegheny |
| Formal Arraignment Scheduled 06/13/2023 9:00AM | | | |
| Allegheny County District Attorney's Office, Criminal Division | | | |
| 05/04/2023 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 06/08/2023 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| Allegheny County District Attorney's Office, Criminal Division | | | |
| 06/08/2023 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 06/15/2023 | | Allegheny County District Attorney's Office |
| Discovery Available | | | |
| Allegheny County District Attorney's Office, Criminal Division | | | |
| 06/16/2023 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 06/22/2023 | | Bishop, Adam Michael |
| Entry of Appearance | | | |
| Allegheny County District Attorney's Office, Criminal Division | | | |
| 06/23/2023 | eService | | Served |

| | | | |
|---|---|---|---|
| 3 | 09/05/2023 | | Bicket, Alexander P. |
| Order Granting Motion for Continuance | | | |
| Allegheny County District Attorney's Office, Criminal Division | | | |
| 09/05/2023 | eService | | Served |
| Bishop, Adam Michael | | | |
| 09/05/2023 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 12/05/2023 | | Bishop, Adam Michael |
| Petition for Writ of Habeas Corpus | | | |

Printed: 08/09/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF ALLEGHENY COUNTY

## DOCKET



**Docket Number: CP-02-CR-0003367-2023**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Mark Stefanik

Page 5 of 6

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

Allegheny County District Attorney's
Office, Criminal Division

| 12/05/2023 | eNotice | | Notified |
|---|---|---|---|

| 1 | | 04/19/2024 | | Allegheny County District Attorney's Office, Criminal Division |
|---|---|---|---|---|

MOTION FOR PROTECTIVE ORDER

Bishop, Adam Michael

| 04/19/2024 | eNotice | | Notified |
|---|---|---|---|

| 1 | | 06/18/2024 | | Bicket, Alexander P. |
|---|---|---|---|---|

Not Guilty

Allegheny County District Attorney's
Office, Criminal Division

| 06/18/2024 | eService | | Served |
|---|---|---|---|

Bishop, Adam Michael

| 06/18/2024 | eService | | Served |
|---|---|---|---|

| 1 | | 06/20/2024 | 06/20/2024 | Bicket, Alexander P. |
|---|---|---|---|---|

Notice of Intent by Court to Expunge Criminal Record Pursuant to 18 Pa.C.S. Section 9122(a)(4)

Allegheny County District Attorney's
Office, Criminal Division

| 06/20/2024 | eService | | Served |
|---|---|---|---|

Bishop, Adam Michael

| 06/20/2024 | eService | | Served |
|---|---|---|---|

| 1 | | 06/24/2024 | | McGeever, Michael |
|---|---|---|---|---|

Exhibit List

Allegheny County District Attorney's
Office, Criminal Division

| 06/24/2024 | eService | | Served |
|---|---|---|---|

Bishop, Adam Michael

| 06/24/2024 | eService | | Served |
|---|---|---|---|

CPCMS 9082                                                                 Printed: 08/09/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF ALLEGHENY COUNTY

## DOCKET



**Docket Number: CP-02-CR-0003367-2023**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Mark Stefanik

Page 6 of 6

## CASE FINANCIAL INFORMATION

Last Payment Date:                                                                    Total of Last Payment:

| Stefanik, Mark<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Balance |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Voucher Fee (Allegheny) | $6.68 | $0.00 | $0.00 | $0.00 | $6.68 |
| Voucher Fee (Allegheny) | $6.68 | $0.00 | $0.00 | $0.00 | $6.68 |
| Voucher Fee (Allegheny) | $6.68 | $0.00 | $0.00 | $0.00 | $6.68 |
| Voucher Fee (Allegheny) | $6.68 | $0.00 | $0.00 | $0.00 | $6.68 |
| Voucher Fee (Allegheny) | $5.70 | $0.00 | $0.00 | $0.00 | $5.70 |
| Voucher Fee (Allegheny) | $6.68 | $0.00 | $0.00 | $0.00 | $6.68 |
| Voucher Fee (Allegheny) | $6.68 | $0.00 | $0.00 | $0.00 | $6.68 |
| Voucher Fee (Allegheny) | $6.68 | $0.00 | $0.00 | $0.00 | $6.68 |
| Voucher Fee (Allegheny) | $6.68 | $0.00 | $0.00 | $0.00 | $6.68 |
| Voucher Fee (Allegheny) | $6.68 | $0.00 | $0.00 | $0.00 | $6.68 |
| Voucher Fee (Allegheny) | $5.70 | $0.00 | $0.00 | $0.00 | $5.70 |
| Voucher Fee (Allegheny) | $5.70 | $0.00 | $0.00 | $0.00 | $5.70 |
| Voucher Fee (Allegheny) | $5.70 | $0.00 | $0.00 | $0.00 | $5.70 |
| Voucher Fee (Allegheny) | $5.70 | $0.00 | $0.00 | $0.00 | $5.70 |
| Costs/Fees Totals: | $88.62 | $0.00 | $0.00 | $0.00 | $88.62 |
| Grand Totals: | $88.62 | $0.00 | $0.00 | $0.00 | $88.62 |

** - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

## **VERIFICATION**

I, **MARK STEFANIK,** do hereby depose and state that the facts contained in the foregoing

**COMPLAINT** are true and correct to the best of my knowledge, information and belief.  This

Verification is made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification

to authorities.

Date: 10/18/2024

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  THE LYNCH LAW GROUP, LLC

Signature: */s/ Alexandra M. McGee*

Name: Alexandra M. McGee, Esq.

Attorney No. 319023

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Allegheny _____ **County**

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | *TIME STAMP* |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**

- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
MARK STEFANIK

Lead Defendant's Name:
OHIO TOWNSHIP POLICE DEPARTMENT, et al.

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No     **Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: Daniel P. Lynch, Esq., Alexandra M. McGee, Esq., John P. Sieber, Esq., and The Lynch Law Group, LLC

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☒ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
_____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*